## TROTTI v. LOUISIANA MORTGAGE CORPORATION, Inc.
### No. 1384.

Court of Appeal of Louisiana, First Circuit.
Oct. 3, 1934.

Clement M. Moss, of Lake Charles, for appellant.

Plauche & Bass, of Lake Charles, for appellee.

LE BLANC, Judge.

Plaintiff was formerly employed by the defendant corporation as a clerk and bookkeeper in its office in Lake Charles, La., at a monthly salary of $100. On May 3, 1933, he was notified by letter that his connection with the corporation was terminated on April 30, 1933, and that his salary would cease from that date. Claiming that there is past due him for salary, through date of April 30, 1933, the sum of $1,020.41, he instituted this suit to recover that amount with the additional amount of $100 for the month of May, 1933, and the same additional sum for each consecutive month thereafter until paid in full, with legal interest from date of judicial demand. He alleges in his petition that he has a lien and privilege on all movable property of the corporation, under the laws of Louisiana, for the amount due him, and prays that such privilege be recognized and ordered enforced.

The defense pleaded is one of overpayment by the sum of $315.42, for which amount judgment is prayed for in reconvention by the defendant against the plaintiff.

After the case had been partly tried, plaintiff filed a supplemental petition, and upon proper allegations made and other formalities being observed, obtained an order from the court for a writ of sequestration under which certain office furniture and fixtures and certain notes were seized by the sheriff. Defendant filed a motion to have the writ set aside, and in a subsequent pleading asked for damages for attorney's fees and costs incurred in bonding the property and other damages on account of its unlawful issuance. There was no proof offered in support of damages other than for attorney's fees in the sum of $50 for dissolving the writ and for a premium of $10 paid for a surety bond obtained for the purpose of bonding the seizure, and it is therefore unnecessary to refer to any but these.

From a judgment rejecting his demand for salary as claimed and against him in reconvention in the sum of $122.96, which included the two items of damage claimed for dissolution of the sequestration, the plaintiff has appealed. The judgment, however, reserved to the plaintiff the right to bring another suit for certain items which appeared as credits on the account offered by him to prove his claim for salary. These items amounted to the sum of $1,083.37. Defendant has answered the appeal asking that the reservation so made in favor of the plaintiff be eliminated from the judgment and that the amount allowed in reconvention be increased to the full amount prayed for in its answer.

Plaintiff testified that in the month of April, 1933, he had earned, and there was unpaid him as salary, the sum of $1,020.41. To support his claim, he was asked to refer to the corporation's ledger at those pages which carried an account in his name. The account extended over a period beginning February 1, 1929, and ending with an entry March 1, 1933. Plaintiff testified that the entries for his salary due for the months of March and April, 1933, had not been made, and there should consequently be added the sum of $200 to the items of credit. The entries in the ledger were not made by plaintiff, but, as we understand the testimony, they were copied therein from entries in a "daybook" that was kept by him in his capacity as bookkeeper and clerk for the defendant corporation.

The ledger account contains a good many more entries on the credit side than for plaintiff's salary, and on the debit side the entries, save in a very few instances, bear no explanation of what they are.

Upon plaintiff's offer to introduce the ledger in evidence, counsel for defendant objected on the ground that, the claim being one strictly for payment of salary alleged to be due, all other credits appearing therein were irrelevant and immaterial. The court overruled the objection, restricting the offer, however, to proof of the amount of salary earned by plaintiff and what was paid on account thereof by defendant. On cross-examination, counsel for defendant, under reservation of their objection, proceeded to have plaintiff explain the items of credit on the account, other than those for salary, and counsel for plaintiff in turn objected on the ground that these were not involved under the pleadings in the suit. The court at first was reluctant about admitting the testimony, but, upon being told by counsel for plaintiff that he was prepared to meet any item on the account, ruled otherwise, stating that it saw no reason why they should not be disposed of. In this court, both sides complain of the ruling of the court as it appears adverse to their respective contentions. In view of the statement made by counsel for plaintiff that he was prepared to meet them all, we do not see how he can be heard to complain about the admission of testimony regarding these various items.

If there was error in the ruling, it was in permitting the ledger account to be introduced in evidence at all, as it appears to us that it would have been extremely difficult to restrict it to the proof of certain entries and ignore it as regards all the others. Further examination of the account convinces us, however, that the court was correct in its ruling, as an analysis shows at a glance that the amount of salary claimed by the plaintiff, including the two items of $100 each for salary of April and May, 1933, is exactly the difference in the total amounts of debits and credits, which necessarily include all items of credit other than those for salary. The total amount of credits appearing on the account is $6,377.57, to which, if we add the two items of $100 each, makes $6,577.57. The total amount of debits is $5,557.16, which, subtracted from the total credits, leaves the sum of $1,020.41, the exact amount of the demand contained in plaintiff's petition as being for salary only.

From the date of the beginning of the account, February 1, 1929, to the date of plaintiff's discharge, April 30, 1933, we find

that plaintiff earned a salary at the rate of $100 per month for fifty-one months, or the total sum of $5,100. All of his earnings, except for the last two months, which, however, are admitted by defendant, are entered on the account. During that same period, according to the account, plaintiff drew from the corporation the total amount of $5,557.16, or a sum that is $457.16 in excess of what he had earned as salary. It is obvious that the debits have to be applied to the extinguishment of the credits on the account, and why they should be picked out to be applied against the other items and not the salary when the account shows no explanation of what they are for is a matter which has not been satisfactorily explained. Counsel for plaintiff, in support of such contention, refers to the law of the imputation of payments where the imputation is not specified, and refers us to article 2166, R. C. C., which, he urges, provides that the payments made are to be imputed to the debts that had fallen due or that were due at the time the payments were made. But that very same article of the Code provides that, where the imputation is not specified, it must be imputed first, to the debt of those that are equally due, "which the debtor had at the time most interest in discharging." The debt which the debtor "has the most interest in discharging" is that which is burdened with a mortgage or privilege of some kind, and, as articles 3191 and 3214, R. C. C., provide a privilege in favor of clerks for their salaries, the very same privilege which the plaintiff here claims, it is apparent that the latter's salary was the debt on his account which the defendant had the most interest in discharging, and consequently the imputation of the payments made from month to month should be applied to the amount of salary that was due according to the account.

■ It is also contended that defendant has not carried the burden, which the law placed on it, of supporting its special defense of payment of the amount claimed by plaintiff as salary. When the court admitted the ledger account offered by plaintiff to prove his claim for salary, it became apparent, as we have already stated, that the amount he so claimed was the exact difference between the debits and the credits which showed a balance in his favor of the very amount demanded by him. Inasmuch as the account carried items of credit amounting to $1,477.57

more than the total amount of salary that could have been due plaintiff during the period covered, it would have been a rather harsh ruling that would not have permitted the defendant to investigate these items and see whether they had any connection with the claim for salary. Especially is this so when we recall the fact that all the entries on the account save one were made from a daybook record that was kept by the plaintiff himself, and as to the one not so made it appears that it was made by his uncle, who was president and manager of the corporation and with whom he had an understanding concerning all the transactions that are questioned on the account. Our examination of the testimony on these various items which are for insurance commissions, brokerage, and one item of $1,000 for discount of notes on a real estate deal convinces us that they have absolutely nothing whatever to do with the claim that is here presented for salary. In fact, it appears very doubtful if any of these credit entries are genuine and have any place on the account whatever. We are persuaded that the plaintiff has drawn and received the full amount of salary that was due him and that defendant has satisfactorily discharged the burden of so showing.

■■ In a careful analysis of the account, the lower court found that the item for $1,000 which we have referred to as well as other smaller items totaling $83.37, could not be taken into account in figuring the balance on the account which plaintiff claims is due him as salary. Eliminating those items, it found that plaintiff had drawn or been paid the sum of $62.96 more than he had earned as salary, including the two months that were not entered on the account. Judgment was accordingly allowed the defendant on its reconventional demand for that amount. We find no error in this finding of the lower court. In addition, the judgment allowed $50 claimed by defendant as damages for attorney's fees for obtaining the dissolution of the writ of sequestration and $10 the amount paid as a premium on a bond for bonding the seizure, all of which was also proper and correct. The reservation in favor of plaintiff to sue for those items which the court found were not properly on the account can do the defendant no harm, and we see no reason for amending the judgment in that respect.

The judgment appealed from is therefore affirmed, at the costs of the appellant.